**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 04:05 PM November 2, 2018**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| BRIANNA LEHMAN, | ) | CASE NO. 18-61415-rk |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Debtor Brianna Lehman filed a Chapter 7 bankruptcy petition on July 13, 2018. On October 1, 2018, the Chapter 7 Trustee, Anne Piero Silagy ("Trustee"), filed a motion for turnover, alleging that the Debtor needed to turn over real estate commissions received postpetition for purchase agreements entered into prior to filing. Debtor responded on October 15, 2018, objecting to the motion, and requested a hearing on the matter on October 18. The hearing was held on October 29, 2018. At the hearing, the Trustee clarified that the amount to be turned over would be $7,705.17. The matter was then taken under advisement.

1

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B) and (E) and the court has authority to issue final entries.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## DISCUSSION

When a Chapter 7 debtor has filed for bankruptcy, she may remove certain properties from the bankruptcy estate. 11 U.S.C. § 522(b)(1). Each state is entitled to choose whether it wants to use the exemptions set forth in the Bankruptcy Code, or instead use its own state exemptions. In re McCashen, 339 B.R. 907, 909 (Bankr. N.D. Ohio 2006). Ohio has opted for the latter. Id. The Ohio Revised Code details at length a number of rights and interests which a citizen may "hold . . . exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order," and the maximum value of those exemptions. O.R.C. § 2329.66(A). One such exemption is "the personal earnings of the person owed to the person for services in an amount equal to . . . [s]eventy-five per cent of the disposable earnings owed to the person." O.R.C. § 2329.66(A)(13)(b).

Debtor argues that the real estate commissions in question, being her sole income, constitute "personal earnings" and as such are subject to the exemption. The Trustee disagrees and claims that the funds fall outside of the scope of 2329.66(A)(13).

The Code section offers no definition of "personal earnings", but defines "disposable earnings" as "net earnings after the garnishee has made deductions required by law." O.R.C. § 2329.66(C)(1). This appears intended to distinguish "disposable" earnings from "non-disposable" ones, and does not clarify what makes those earnings "personal." However, a workable definition can be found elsewhere, in a related Code section. O.R.C. § 2716.01(C)(1), which addresses garnishment of the wages of a judgment debtor, defines "personal earnings" as "money, or any other consideration or thing of value, that is paid or due to a person in exchange for work, labor, or personal services provided by the person to an employer." The same section defines "employer" as "a person who is required to withhold taxes out of payments of personal earnings made to a judgment debtor." Id.

The Eleventh District has expressly held that real estate commission payments do not qualify as "personal earnings" under § 2716.01, as the person making the payments "is not required to withhold taxes on the commission." *Capital One Bank (USA), N.A. v. Caspary*, 7th Dist. Mahoning, No. 17 MA 0092, 2018-Ohio-358, ¶ 17, citing *BancOhio Nat'l Bank v. Box*, 63 Ohio App. 3d 704, 580 N.E.2d 23 (11th Dist. 1989). In turn, the § 2716.01 definitions have been applied to determine exemptions in the bankruptcy context within this very district. *See In re Larkins*, 2012 Bankr. LEXIS 1762 (Bankr. N.D. Ohio 2012)[1]; *see also Colbert v. Baumgart*

---

[1] "As noted by the Bankruptcy Appellate Panel of the Sixth Circuit, Ohio courts have not defined the term 'personal earnings' for purposes of § 2329.66(A)(13). . . However, the term *is* defined for purposes of the related section

2

*(In re Colbert)*, 2007 Bankr. LEXIS 4164 (B.A.P. 6th Cir. Dec. 20, 2007).

      This court finds that Debtor's real estate commissions are not considered "personal earnings" entitling her to an exemption under § 2329.66(A)(13). The court will grant the Trustee's Motion for Turnover, in the amount of $7,705.17, by separate order.

#     #     #

**Service List:**

**Brianna Lehman**
2194 Poplar Street S.E.
East Sparta, OH 44626

**John Variola**
610 Market Avenue North
Canton, OH 44702

**Anne Piero Silagy**
1225 South Main Street
Suite 1
North Canton, OH 44720

---

regarding garnishment [O.R.C. § 2716.01(C)(2)]. And that definition is applied under § 2329.66(A)(13)." *In re Larkins*, *supra*, *6-7.